# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 25, 2011

Lyle W. Cayce
Clerk

No. 10-20016
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRÉ DION BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-442-9

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

André Dion Brown appeals the 120-month sentence he received on remand for further proceedings after his conviction on two of ten counts of money laundering promotion were reversed in his initial appeal. *See United States v. Brown,* 553 F.3d 768, 775-76, 801 (5th Cir. 2008). He complains that his sentence is unreasonable and that the district court erred in refusing to consider his challenge to the quantity of drugs on which it was based. As he did in his initial appeal, Brown contends that his sentence should not have included drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20016

quantities from prescriptions issued by unindicted coconspirators which were not proved to the jury beyond a reasonable doubt. The Government counters that the district court properly determined that Brown's arguments were foreclosed by the law of the case and the mandate rule.

"Whether the law of the case doctrine foreclosed the district court's exercise of discretion on remand and the interpretation of the scope of this court's remand order present questions of law that this court reviews de novo." *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004). The record in the instant case establishes that the sentencing claims Brown now raises were previously raised and rejected in his initial appeal. *See Brown*, 553 F3d at 800. They are therefore barred by the law of the case doctrine. *See Lee*, 358 F.3d at 320. This court's mandate reversed Brown's convictions on two of the ten counts of money laundering promotion and remanded for further proceedings made necessary by the reversal of those counts. *See Brown*, 553 F3d at 801. The reversal of those counts had no bearing on the prison terms originally ordered, given that the eight other counts of money laundering promotion were affirmed and that all sentences on those counts of conviction were ordered to be served concurrently. *See id.* at 775-76, 801. Thus, this court's mandate effectively required the district court to reconsider only the monetary penalties originally imposed. The district court complied with the mandate rule by reducing the monetary penalties Brown was ordered to pay on resentencing.

Brown has abandoned by failing to brief any argument regarding the applicability of or any exception to the law of the case doctrine or the mandate rule. *See United States v. Reyes*, 300 F.3d 555, 558 n.2 (5th Cir. 2002); FED. R. APP. P. 28(a)(9). He has not demonstrated any error on the district court's part. Accordingly, the district court's judgment is AFFIRMED.